CLARK, J.,
additionally concurs and assigns reasons.
hi respectfully concur in the denial of the writ application. I write separately to reinforce a rule that has been the law in Louisiana since 1982: Expert testimony regarding eyewitness identification is inadmissible in Louisiana courts.
*351 This rule was first established in State v. Stucke,[1] was endorsed in State v. Young,[2] and was most recently confirmed in State v. Henry.[3] Justice Crichton, in his concurrence, adeptly lays out several of the reasons behind this Court’s steadfast refusal to allow such expert testimony. More reasons may be found in the jurisprudence of the Federal courts and of other states.
Indeed, as the United States Seventh Circuit stated:
[EJxpert testimony regarding the potential hazards of eyewitness identification — regardless of its reliability — “will not aid .the jury because it addresses an issue of which the jury already generally is aware, and it will not contribute to their understanding’ of the particular factual issues posed, (citations omitted). These hazards are well within the ken of most lay jurors, and [defendant’s] counsel was granted ample opportunity to discuss those hazards and cast doubt upon the witnesses’ eyewitness identification of his client.
United States v. Larkin, 978 F.2d 964, 971 (7th Cir.1992). Further, as ruled by the Kansas Supreme Court:
[A]dmission of expert evidence on the reliability of eyewitness testimony is not the answer to the problems surrounding eyewitness identifications. Such testimony invades field of common knowledge,_J^experience, [and] education of laymen ... [C]ross-examination, persuasive argument, and a cautionary instruction [] provide safeguards against unreliable eyewitness identifications. (Citations omitted).
State v. Carr, 300 Kan. 1, 223-224, 331 P.3d 544 (Kan.2014).
Finally, as our own Justice Knoll so aptly stated in her concurrence in Young:
The resolution of the issue ... concerning the admissibility of expert testimony regarding this “junk science” is best resolved by the adoption of a per se/bright line rule of inadmissibility.
Young, 35 So.3d at 1052.
In short, I agree. The inaccuracies inherent. in eye witness identification, as a science, can readily be perceived by jurors, precluding the need for an expert to testify to such. A better solution is a strong voir dire by defense attorneys.

. State v. Stucke, 419 So.2d 939 (La.1982).

. State v. Young, 09-1177 (La. 4/5/10), 35 So.3d 1042.

. State v. Henry, 14-1869 (La.4/10/15), 164 So.3d 831.